**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

<u>In re Waitsfield Source Permit</u>                                     **Docket No. 128-8-11 Vtec**
**(Appeal from ANR decision granting a public water supply source permit)**

Title: Motion to Dismiss (Filing No. 1)

Filed: October 5, 2011

Filed By: Joseph S. McLean, Attorney for Appellee/Applicant Town of Waitsfield

Response in opposition filed on 10/27/11 by Paul S. Gilles, Atty for Appellant Virginia Houston

Reply filed on 11/4/11 by Joseph S. McLean, Atty for Appellee/Applicant Town of Waitsfield


  _X_ Granted (in part)                     _X_ Denied  (in part)                    ___ Other

        Virginia Houston appeals the July 29, 2011 grant of a Source Permit by the Vermont Agency of Natural Resources, Department of Environmental Conservation ("DEC") to the Town of Waitsfield ("Applicant") approving the construction of a proposed public water supply well.  Prior to receiving the current permit, Applicant held two previous DEC source permits for construction of the same well.  These permits were the subject of prior appeals by Ms. Houston that this Court dismissed following motions by Applicant.  See <u>In re Waitsfield Water Supply Source Permit</u>, No. 134-7-08 Vtec (Vt. Envtl. Ct. July 14, 2009) (Durkin, J.); <u>In re Waitsfield Water Supply Permit</u>, No. 253-12-09 Vtec (Vt. Envtl. Ct. Feb.10, 2010) (Durkin, J.).

        Applicant now moves for dismissal of the current appeal, arguing that the most recent permit is identical to the previous ones issued by DEC and that the same reasons for dismissal apply in this appeal as applied in the two previous appeals.  Applicant also seeks attorney's fees for the work that it has put into filing its motion to dismiss.

        We agree with Applicant that the legal issue presented here is essentially the same as was presented in the two previous appeals we adjudicated.  That is, Ms. Houston's Statement of Questions does not contest the Findings or Conclusions that DEC reached in issuing the Source Permit.  Instead, she questions whether Applicant has ownership and control of the property on which the well is to be located.

        As we concluded for the previous source permits that we addressed in the prior appeals, we understand Condition 5(i) of the most recent Source Permit to require Applicant to establish ownership and control of the lands specified in the permit prior to and during the use and operation of the public water supply well.  The permit itself does not establish such ownership and control.  However, as we explained in our July 14, 2009 decision in <u>Waitsfield Water Supply Source Permit</u>, neither DEC nor this Court has the jurisdictional authority to adjudicate property ownership disputes.  No. 134-7-08, slip op. at 2.  Any dispute concerning the ownership or control of the property on which the well is to be located lies within the jurisdiction of the Civil Division of the Superior Court.

Because Ms. Houston's Statement of Questions in this appeal solely concerns the issue of property ownership and control, there is no legal issue presented here that we have the jurisdiction to entertain. In her memorandum opposing Applicant's motion to dismiss, Ms. Houston expresses new concerns about the impact of Hurricane Irene on the water system to which the well is to be connected. However, that issue was neither raised in Ms. Houston's Statement of Questions nor appears to fall within the scope of the Source Permit before us on appeal. The Source Permit clearly states that separate permits are required to both connect the well to a water system and to operate that water system.

For the foregoing reasons, we **GRANT** Applicant's motion to **DISMISS** the appeal in Docket No. 128-8-11 Vtec. However, we **DENY** Applicant's request for attorney's fees as we find no reason to award them here. Ms. Houston was entitled to appeal the issuance of a new source permit by DEC; her appeal is not abusive to the Court or Applicant.

This Entry Order concludes the matter in Docket No. 128-8-11 Vtec. The Source Permit issued by DEC on July 29, 2011 is now final, and its two-year validity commences from the date of this Entry Order.


_____          ____November 16, 2011____
          Thomas S. Durkin, Judge                                Date
==========================================================================
Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
   Paul S. Gillies, Attorney for Appellant Virginia Houston
   Joseph S. McLean, Attorney for Appellee/Applicant Town of Waitsfield
   Anne F. Whiteley, Attorney for Interested Person Agency of Natural Resources
   For Information Purposes Only, Melanie Kehne, Vermont Natural Resources Board/Land Use Panel